# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNIE LEE MOORE,

        Petitioner,    :    Case No. 3:22-cv-189

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Johnnie Lee Moore under 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 4), the State Court Record (ECF No. 14), the Warden's Return of Writ (ECF No. 15), and Moore's Reply (labeled "Rebuttal") (ECF No. 20).

**Litigation History**

On April 27, 2018, a Montgomery County Grand Jury indicted Moore on two counts of aggravated vehicular homicide arising out of a collision of the car he was driving with the rear end of another car on November 14, 2017 (Indictment, State Court Record, ECF No. 14, Ex. 1). Moore promptly filed a motion to suppress. *Id.* at Ex. 3. That motion was copiously supplemented. *Id.* at Exs. 4. 5. 6, 8, 9, and 10. After an evidentiary hearing, the Common Pleas Court denied the motion to

1

suppress. *Id.* at Ex. 14. A jury convicted Williams on both counts and he was sentenced to a mandatory eight year term of imprisonment.

Moore appealed to the Ohio Second District Court of Appeals raising one assignment of error: "the trial court committed reversible error when it overruled appellant's motion to suppress." (Appellant's Brief, State Court Record, ECF No. 14, Ex. 21). The conviction was affirmed. *State v. Moore*, 2021-Ohio-1114 (Ohio App. 2d Dist. Apr. 2, 2021), app. jurisdiction declined, 166 Ohio St. 3d 159 (2022).

On October 1, 2020, while his direct appeal was still pending. Moore filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 14, Ex. 31). The trial court dismissed the Petition (*Id.* at Ex. 33), the Second District affirmed. *State v. Moore,* 2021 Ohio 2128 (Jun. 25, 2021), and the Ohio Supreme Court again declined to exercise jurisdiction. 164 Ohio St. 3d 1449 (2021).

Moore filed the instant Petition on June 24, 2022[1], pleading the following grounds for relief:

> **Ground One**: 4th and 14th Amendment Violations
>
> **Supporting Facts:**
>
> The Appellant's 4th Amendment was violated by way of Inadvertent Negligence on behalf of Officer Robinson, who because of her undue delay, compromised the integrity of the time constraints of O.R.C. 4511.19 (D)(l)(b). This resulted in an Unreasonable Seizure. The supporting fact of Inadvertent Negligence also violated the Appellant 14th Amendment right, for its contribution to an Unreasonable Seizure deprived the Appellant of his property and liberty, without proper Due Process of Law.
>
> • The Appellant's 14th Amendment was further violated, as the State, based upon Unlawful Search Warrant Procedures, enforced

---

[1] This is the date on which Moore claims he deposited the Petition in the prison mailing system (Petition, ECF No. 4, PageID 86).

2

case law which abridged his privilege from a blood draw outside of the Ohio Revised Code 4511.19 (D)(l)(b), 3hour time limit.

**Ground Two: Newly Discovered Evidence**

**Supporting Facts:**

The Appellant's 14th Amendment was violated by way of Abuse of Discretion, based on speculative expert opinion provided by the State. This tainted the State's key evidence; evidence which made a blood draw outside of the 3hour limit admissible. The State also enforced facts of case law which were incongruent with the facts of the Appellant's case, thus, the Appellant's privilege against a tardy BAC draw was abridged, as was his property and liberty deprived, without proper Due Process of Law.

The Appellant's 14th Amendment right was violated by way of Ineffective Assistance of Counsel. This improper Due Process of Law claim is based on the Appellant's assertion that his counsel withheld evidence from him and didn't notify him of his Newly Discovered Evidence (May 23, 2019 email thread) until after his trial and sentencing, thus not allowing him to state the claims of this evidence upon trial and direct appeal. This evidence is the basis of the defendant's supporting facts of his Constitutional rights violations, Abuse of Discretion, as well as Collusion.

The Appellant's 14th Amendment right was violated by way of a Breaking of the Internal Chain of Custody as it pertains to the unreasonable blood draw, in which, it does not show any police report of when the blood was taken from the refrigerator at the police station and taken to the crime laboratory. It only shows the Miami Valley Regional Crime Lab (MVRCL) received the sample. The Appellant was never shown, presented with, or advised of the language in the BMV 2255, nor did he receive a traffic citation for any wrong doing. Furthermore, the manner of blood drawn, the handling of the sample, and the subsequent testing of the blood was done in violation of the regulations set forth by the Ohio Department of Health, and more specifically, O.A.C. 3701-53-01. Thus, the Appellant asserts that his property and liberty were deprived without proper Due Process of Law.

**Ground Three**: Plain Error

**Supporting Facts:** The Appellant's Defense Counsel's failure to object to "improper", tainted, and highly prejudicial evidence during trial. These acts, according to the Plain Error principle set forth in

>Rule 103(0), Crim. Rule 52(B) and Black's Law, provides that failure to correct these errors would infringe the Appellant's 14th Amendment Due Process rights and threaten to damage the integrity of the judicial process.

(Petition, ECF No. 4).

## Analysis

**Ground One:  Violation of Fourth and Fourteenth Amendment Rights**

In his First Ground for Relief, Moore asserts his Fourth and Fourteenth Amendment rights were violated by the manner in which his blood was drawn after the accident in which the victim was killed and the results of that blood draw used in his prosecution.

The Fourth Amendment in general prohibits warrantless and/or unreasonable searches and seizures.  As written, the Fourth Amendment applies only to actions of the federal government.  However, the Supreme Court has held the Fourth Amendment and its protections to be "incorporated" in the Due Process Clause of the Fourteenth Amendment and therefore applicable to the States.  See *Aguilar v. Texas,* 378 U.S. 108 (1964) (warrant requirement); *Mapp v. Ohio*, 367 U.S. 643 (1961) (exclusionary rule); *Wolf v. Colorado*, 338 U.S. 25 (1949) (freedom from unreasonable searches and seizures).

To enforce these rights, States are required to adjudicate claims that they have been violated by way of hearings outside the presence of the trial jury which is usually done by way of a motion to suppress or in *limine*.  Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone v. Powell,* 428 U.S. 465 (1976).  *Stone* requires the

4

district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

Respondent asserts Moore's First Ground for Relief is barred by *Stone*. Moore does not respond to this argument in his Rebuttal. His sole reference to *Stone* is to a footnote in that case referencing a prior decision in *Townsend v. Sain*, 372 U.S. 293 (1963). The Magistrate Judge agrees with the Warden that habeas corpus review of Ground One is barred by *Stone* and should be dismissed.

**Ground Two: Newly Discovered Evidence**

Ground Two contains a number of sub-claims, all based on assertions of violation of the Due Process Clause of the Fourteenth Amendment. They will be analyzed here seriatim.

**First Sub-Claim: Abuse of discretion in admitting speculative expert opinion.**

Moore claims his Fourteenth Amendment right to Due Process of Law was violated when the trial judge abused his discretion by admitting a speculative expert opinion. This sub-claim should be dismissed for a number of reasons. First of all, abuse of discretion is not a due process violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Second, the question of the admissibility of expert evidence is a question of state law on which the federal courts are bound by state court

5

decisions. *Bradshaw v. Richey*, 546 U.S. 74 (2005). Third, this claim is barred by *res judicata* because it was fully available to be raised on direct appeal and was not. *State v. Moore,* 2021 Ohio 2128, ¶ 26 (Jun. 25, 2021). The Sixth Circuit has repeatedly held that Ohio's criminal *res judicata* doctrine, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

### Sub-claim Two:  Reliance on Inapplicable Case Law

Moore objects to the state courts' reliance on a number of Ohio precedents which he says are "incongruent" with his case. This sub-claim should be dismissed because the question of which state law precedents are applicable to a given case is purely a question of state law on which the state courts' decision is binding. *Bradshaw*, *supra*. To put it another way, there is no federal due process right to have state law precedent construed in a particular way.

### Sub-claim Three:  Ineffective Assistance of Trial Counsel

Moore claims his Fourteenth Amendment right to effective assistance of counsel was violated when his attorney did not provide him before trial with a copy of the May 23, 2019, email exchange between the prosecutor and supervising personnel at the Miami Valley Regional Crime

6

Laboratory and also did not use this email exchange at trial in cross-examination of the testifying expert.

Moore raised this claim in his petition for post-conviction relief. Applying the well-known standard for review of ineffective assistance of trial counsel claims, the Second District held it was not deficient performance to fail to use this exchange because it would have revealed that Moore had previously been convicted of homicide, albeit not in a DUI case. *Moore, supra*, at ¶¶ 30-31. As a general matter, good defense counsel try hard to keep jurors from learning about the prior criminal records of their clients. That would have been especially desirable here, whatever Moore may think about how a distinction between the two crimes cold have been explained to a jury.

In any event, the Second District did decide this ineffective assistance of trial counsel claim on the merits and we are obliged by 28 U.S.C. § 2254(d)(1) to defer to that opinion unless it is an objectively unreasonable application of relevant U.S. Supreme Court precedent. It is in fact a completely reasonable application of the governing Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984). To establish ineffective assistance of trial counsel under *Strickland*, a defendant must show that his attorney performed deficiently and that he was prejudiced as a result. In this case it would have been very prejudicial, as the Second District Court of Appeals found, to have the jury hear about the prior conviction and therefore it was not deficient performance to withhold it from them.

Moore's theory that this email thread somehow proves collusion between the prosecutor and the Crime Lab does nothing of the sort. These entities are expected to collaborate in the preparation of criminal cases for trial. It is certainly not witness tampering to ask a potential witness if they are able to give particular testimony.

Sub-claim Three is without merit and should be dismissed.

### Sub-claim Four:  Handling of the Blood Sample

In his Fourth Sub-claim, Moore asserts various ways in which he claims the blood sample taken from him the night of the crime was not properly drawn or handled.  Each of the claims he makes asserts a violation of some aspect of Ohio law, regulation, or criminal procedure standard.

As noted above, this Court is not empowered to decide questions of state law in contradiction to the state court rulings.  *Bradshaw, supra*. Furthermore, even if state procedural law had been violated, such violations do not rise to the level of Due Process violations.  A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Sub-claim Four does not plead a violation of the federal Constitution and should therefore be dismissed.

### Ground Three: Plain Error

In his Third Ground for Relief, Moore asserts his trial attorney failed to object to "improper, tainted, and highly prejudicial evidence during trial."  Furthermore, failure to correct this lapse would violate the "plain error" doctrine embodied in Ohio R. Evid. 103(D), Ohio R. Crim. P. 52(B), and "Black's Law" and therefore Moore's Fourteenth Amendment Due Process rights.

The Petition asks if this Ground for Relief was raised on direct appeal or in post-conviction. Moore answers "no" and explains that he "had no awareness of this Ground until further research." (ECF No. 4, PageID 80).

In the Petition, Moore lists the following three instances of "plain error":

1. Defense counsel's failure to ask for dismissal of the case after Officer Sherri Robinson testified at the motion to suppress hearing that the police were "outside their guidelines" with the blood draw.

2. At trial defense counsel failed to object to a jury instruction that said the victim's illegal left turn was not the cause of her death.

3. Defense counsel failed to object to speculative expert opinion evidence from Kialee Bowles at trial.

(Petition, ECF No. 4-2, PageID 116-17).

None of these instances of allegedly ineffective assistance of trial counsel has been presented to the Ohio courts. All three of them occurred at the trial stage of these proceedings and are evidenced by the record available on direct appeal. Thus if they had been presented in post-conviction, they would have been held to be barred by Ohio's *res judicata* doctrine. See *State v. Perry, supra.*

As noted above, the Sixth Circuit has held Ohio's *res judicata* doctrine is an adequate and independent ground for state court denial of relief. Of course, the Ohio courts have not had an opportunity to apply the *Perry* doctrine to these three claims because Moore has never presented them to the Ohio courts. Moore apparently believes the plain error doctrine acts to excuse this procedural default, but it does not: as it is argued here, "plain error" is a part of Ohio law. If Ohio law would allow Moore to raise these three claims now in some Ohio proceeding – and the Magistrate Judge is unaware of any caselaw to that effect – Moore would have to do so to exhaust these claims in that Ohio proceeding before bringing them to federal court. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state

9

courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Exhaustion in Ohio may require filing a motion for a new trial or a second post-conviction petition. *Cunningham v. Hudson,* 756 F.3d 477, 482 (6th Cir. 2014). "[T]he determination of whether a habeas petitioner satisfies a state procedural requirement 'is for the state court to make.'" *Cunningham v. Hudson,* 756 F.3d 477, 483 (6th Cir. 2014), quoting *Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009).

If there is in fact no Ohio proceeding in which Moore can obtain a merits decision on these three claims, then he has procedurally defaulted them. His assertion that he did not learn of them except upon further research after his prior proceedings does not satisfy that requirement. Lack of counsel, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla v. Hurley,* 370 F.3d 494, 4994-95 (6th Cir. 2004), *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Ground Three for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 21, 2023.

10

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge