# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNIE LEE MOORE,

        Petitioner,    :    Case No. 3:22-cv-189

 - vs -                           District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                      :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 22).  Pursuant to Fed.R.Civ.P. 72(b)(3), District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 26).

Petitioner's Objections are considered here seriatim.

**Ground One: Violation of Fourth and Fourteenth Amendment Rights**

In his First Ground for Relief, Moore asserts his Fourth and Fourteenth Amendment rights were violated by the manner in which his blood was drawn after the accident in which the victim was killed and the results of that blood draw used in his prosecution.  The Report recommended dismissing this Ground for Relief as barred by *Stone v. Powell*, 428 U.S. 465 (1976).

1

Petitioner raises two objections centered on his claim that the Report does not deal with his "inadvertent negligence" argument (ECF No. 25, PageID 1280).

First he reminds the Court that proof of guilt beyond a reasonable doubt is constitutionally required and then quotes the Ninth Circuit as holding "The Supreme Court has never applied the good-faith exception to excuse an officer who was negligent himself and whose negligence directly lead to the violation of the defendant's constitutional rights" *Id.*, quoting *United States v Camou*, 773 F.3d 932, 945 (9th Cir. 2014).

This objection is difficult to understand.  The Supreme Court has recognized a good faith exception to the warrant requirement of the Fourth Amendment.  *United States v. Leon,* 468 U.S. 897 (1984).  But the good faith exception to the warrant requirement was not at issue in this case because the police officers involved actually obtained a search warrant to draw Petitioner's blood; the question before the Second District was whether they had acted reasonably promptly in obtaining and executing the warrant.  *State v. Moore*, 2021-Ohio-1114 (Ohio App. 2d Dist. Apr. 2, 2021).

More to the point, however, is the irrelevance of any officer negligence in this habeas corpus case.  *Stone v. Powell* bars habeas corpus consideration of Fourth Amendment claims as a basis for habeas relief.  There is no "inadvertent negligence" exception to *Powell*. The Report does not discuss Petitioner's inadvertent negligence theory because the Supreme Court has never recognized an "inadvertent negligence" exception to *Powell*.

Petitioner's second objection to the Report as to Ground One seems to be that the search warrant was not based on an affidavit establishing probable cause to believe a crime had been committed, relying on *Franks v. Delaware,* 438 U.S. 154 (1978).  This objection should be overruled for the following reasons.  First of all, it is procedurally defaulted because it was never

2

fairly presented to the state courts; Moore's brief on appeal contains no citation to *Franks*. Second, the claim has not been fairly presented to this Court: it is not included in the Petition and *Franks* is cited without explanation only in Moore's "plain error" claim. Third, the propriety of a search warrant affidavit is a Fourth Amendment issue whose examination on the merits is barred by *Stone*[1].

**Ground Two: Newly Discovered Evidence**

Although Petitioner captions his Second Ground for Relief as "Newly Discovered Evidence," in fact it consists of a number of sub-claims assertedly grounded in the Due Process Clause.

### First Sub-Claim: Due Process Violation by Admitting Speculative Expert Testimony

In the first sub-claim, Moore asserts the trial court violated his due process rights when it abused its discretion by admitting a speculative expert opinion. The Report recommends dismissing this sub-claim because abuse of discretion is not a constitutional violation (Report, ECF No. 22, PageID 1269, citing *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995)).

Petitioner objects by claiming, in completely conclusory fashion, that this claim "rises to a due process violation." (Objections, ECF No. 25, 1281). However, he presents no precedent to that effect. He cites *United States v. Jones*, 601 F. 3d. 1247 (11th Cir. 2010). *Jones* stands for the proposition that a federal circuit court of appeals reviews a federal district court's evidentiary

---

[1] *Franks* was decided six years before *Stone* changed the law on considering Fourth Amendment issues.

3

ruling for abuse of discretion; it says nothing about habeas review of state court evidentiary rulings.

Moore also cites *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Ege v Yutkins* 485 F. 3d. 364 6th Cir. 2007), and *Cooper v. Sowders* 837 F. 2d. 284 286 6th Cir. 1988).  *Napue* holds that deliberate presentation of false evidence is a due process violation, but Moore never presented his speculative expert opinion claim to the state courts as a *Napue* claim.  *Ege* held that admission of the opinion of a bite-mark expert that the bite-mark on the victim's cheek could only have come from the petitioner denied her due process.  *Cooper* recognized the general rule that state court evidentiary rulings are not generally cognizable in habeas, but found the accumulation of such errors in Cooper's case rendered the trial fundamentally unfair.

*Ege* and *Cooper* together establish that there can be cases in which state court error in the admission of evidence can render a trial unfair. However, any such claim in this case is procedurally defaulted by Moore's failure to present it either on direct appeal or in his Petition for post-conviction relief, (See State Court Record, ECF No. 14, Exs. 21 & 31).

Furthermore, Moore has failed to show any merit in this claim.  The Supreme Court in interpreting the Federal Rules of Evidence has regulated the content of expert opinion in federal trials.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).  However it has never constitutionalized *Daubert* and made its holding a matter of due process.

The Report also recommends dismissing sub-claim one on *res judicata* grounds because it could have been adjudicated on direct appeal but was not presented there (Report, ECF No. 22, PageID 1270).  Moore objects to this conclusion because he says the claim relied on evidence outside the record, taking it out of the Ohio criminal *res judicata* doctrine (Objections, ECF No. 25, PageID 1282).

Moore is correct that he did rely one some evidence outside the appellate record in support

of his claim that his conviction was procured by collusion between the prosecutor and the crime lab. The Second District Court of Appeals recognized that and declined to apply *res judicata* to the post-conviction petition in its entirety (Opinion, *State v. Moore,* State Court Record, ECF No. 14, Ex. 39). However, the question whether the expert opinion was admissible at all was available on direct appeal and the Second District upheld the trial court's application of *res judicata* to that question. *Id.* Thart holding supports the Report's conclusion that this sub-claim as presented is procedurally defaulted.

**Second Sub-Claim:  Violation of Due Process by "Incongruent" Application of Ohio Law**

Moore's second sub-claim asserts that the Ohio courts applied Ohio law in ways that are "incongruent" to his case. The Report recommends dismissing this sub-claim because the question of interpreting state law is solely a question for the state courts (Report, ECF No. 22, PageID 1270, citing *Bradshaw v. Richey*, 546 U.S. 74 (2005)). Moore objects "This sub-claim is not just a state law issue, it is a due process violation of the 14th amendment, to enforce incongruent case law." (ECF No. 25, PageID 1282). But the fact that a habeas petitioner labels a claim "due process" does not make it so. Moore offers no supporting case authority at all for this claim.

**Third Sub-Claim:  Ineffective Assistance of Trial Counsel**

In his third sub-claim, Moore asserts he received ineffective assistance of trial counsel when his attorney did not furnish him, pre-trial, with the email exchange between the prosecutor and the crime lab and use that exchange in cross-examining the forensic witness. The Report

5

recommends deferring to the Second District's opinion as a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

Petitioner's Objections attempt to turn this into a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), but it is not. As Moore formulated it prior to the Report's filing, the claim was that his own lawyer did not turn this evidence over to him, as well as using it for cross-examination. *Brady* recognizes an obligation of the State to turn over exculpatory or impeaching evidence, but that duty is satisfied when *Brady* material is turned over to defense counsel who is the defendant's agent for this purpose. And because using the correspondence would have revealed to the jury that Moore had a prior homicide conviction, the Second District's finding that there was no *Strickland* violation is very persuasive.

**Sub-claim Four: Handling of the Blood Sample**

In his Fourth Sub-claim, Moore asserts various ways in which he claims the blood sample taken from him the night of the crime was not properly drawn or handled. As the Report notes, "Each of the claims he makes asserts a violation of some aspect of Ohio law, regulation, or criminal procedure standard." (ECF No. 22, PageID 1272). The Report recommends dismissing these claims as non-cognizable in habeas corpus. *Id.*, citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Petitioner objects that this is essentially a chain of custody claim and has merit (Objections, ECF No. 25, PageID 1283, citing *Price v. Warren*, 726 Fed Appx. 877 (3d Cir. 2018), and *Weaver v. Thompson,* 197 F. 3d. 359 (9th Cir. 1999)). Neither case purports to constitutionalize chain of custody rules. *Price*[2] found it was ineffective assistance of trial counsel in the circumstances of

---

[2] *Price* is an unpublished decision of the Third Circuit and thus does not provide binding precedent in this Court in

6

this particular case not to challenge the chain of custody. *Weaver* is not about chain of custody at all. Moore's objection on this sub-claim should be overruled.

**Ground Three**: **Plain Error**

In his Third Ground for Relief, which Moore labels "Plain Error," he asserts his trial attorney failed to object to "improper, tainted, and highly prejudicial evidence during trial." The Report recommends dismissing this claim because it was never presented to the state courts (ECF No. 22, PageID 1273).

Petitioner objects by citing the standard for noticing plain error on direct appeal in the federal courts. However, he cites no law for the proposition that the fact that something would constitute reviewable plain error under state law excuses a procedural default of that claim. Thus the Magistrate Judge adheres to his prior recommendation that this claim is procedurally defaulted.

**Conclusion**

Upon reconsideration of the case in light of the Objections, the Magistrate Judge adheres to his prior recommendation that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

---

any event.

August 9, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
