# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNIE LEE MOORE,

        Petitioner,     :    Case No. 3:22-cv-189

  - vs -                          District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                       :
        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 30) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 27). Pursuant to Fed.R.Civ.P. 72(b)(3), District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 31).

**Ground One: Violation of Fourth and Fourteenth Amendment Rights**

In his First Ground for Relief, Moore asserts his Fourth and Fourteenth Amendment rights were violated by the manner in which his blood was drawn after the accident in which the victim was killed and the results of that blood draw used in his prosecution. The Report recommended dismissing this Ground for Relief as barred by *Stone v. Powell*, 428 U.S. 465 (1976).

Petitioner raises two objections centered on his claim that the Report does not deal with his "inadvertent negligence" argument (ECF No. 25, PageID 1280). The Supplemental Report noted

1

that there was no "inadvertent negligence" exception to *Stone*. Petitioner objects that this is not a Fourth Amendment claim, despite the fact that he labeled it as arising under the Fourth Amendment. Instead, he says, it is a Due Process claim.

The Fourth Amendment is applicable to the States through the Due Process Clause of the Fourteenth Amendment. *Aguilar v. Texas,* 378 U.S. 108 (1964) (warrant requirement); *Mapp v. Ohio*, 367 U.S. 643 (1961) (exclusionary rule); *Wolf v. Colorado*, 338 U.S. 25 (1949) (freedom from unreasonable searches and seizures). *Stone* specifically forbids habeas consideration of Fourth Amendment claims presented as Due Process claims. Indeed, habeas corpus under 28 U.S.C. § 2254 is limited to state court convictions.

Petitioner has still produced no case authority for an "inadvertent negligence" exception to *Stone*.

Moore relies in part on the proposition that *pro se* pleadings are to be liberally construed (ECF No. 30, PageID 300, citing *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. A *pro se* litigant is entitled to liberal construction of his or her pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) *citing Federal Exp. Corp. v. Holowecki,* 552 US. 389, 402 (1998). But liberal construction of **pleadings** is entirely different from a liberal or expansive reading of **rights**. *Pro se* litigants are not entitled to a broader reading of the Constitution than other litigants.

**Ground Two: "Newly Discovered Evidence"**

Despite the "newly discovered evidence" label, Ground Two makes four separate Due Process claims: (1) Admitting a "speculative" expert opinion violated due process; (2) "incongruent" application of Ohio law by the state courts involved; (3) ineffective assistance of trial counsel for not disclosing to Moore material received in discovery; and (4) improper handling of the blood sample in this case. The Supplemental Report recommends dismissing all sub-claims because they are not constitutional violations.

Petitioner objects that admitting the expert opinion about blood alcohol level at the time of the accident which was extrapolated from blood alcohol level at the time of the blood draw was "fundamentally unfair." Petitioner has cited no case law elevating admission of such evidence to the level of fundamental unfairness. The undersigned has already opined that this is not a constitutional question because the Supreme Court has never constitutionalized *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Additionally, the opinion is not speculative because rates of decay of blood alcohol are well known and recognized, allowing a person like the State's witness to make the extrapolation.

In his second sub-claim Moore asserts he is constitutionally entitled to "congruent" application of Ohio law and asserts the trial court's reliance on *State v. Barger,* 2017-Ohio-4008 (Ohio App. 2d Dist. 2017), and *State v Hassler* 115 Ohio 3d 322 (2007), was misplaced because in both those cases the defendants were responsible for the delay in the blood draws. In this case the Second District found that Sergeant Robinson had followed Moore to Miami Valley Hospital to attempt to get his consent to a blood draw, but she could not speak with him because he had been sedated after a CT scan because he had become "uncooperative." *State v. Moore,* 2021-Ohio-

1114 ¶ 9 (Ohio App. 2d Dist. Apr. 2, 2021).  It was at that point that Sgt. Robinson concluded she needed a search warrant and proceeded to get one, a warrant which was executed about five hours after the accident.  Based on *Barger* and *Hassler*, the Second District upheld admission of the blood test results.

Moore offers no analysis of the supposed lack of "congruence" of his case with the precedent.  Nor does he suggest any Supreme Court authority for the proposition that the Due Process Clause mandates any particular level of consistency in the application of state court precedent.  And Petitioner's labeling of this as a Due Process claim does not make it any less a Fourth Amendment claim with merits review barred by *Stone*.

Moore's third sub-claim is that his attorney provided ineffective assistance of trial counsel when he did not complain of witness tampering and prosecutorial misconduct for the prosecutor's telephone call to the crime lab urging diligence in preparing a report because of the importance of the case.  Simply put, there is no tampering or misconduct here.  Unlike the British system which prohibits pre-trial communication between the lawyer who will try the case and witnesses, the American adversarial system anticipates each side will seek out witnesses in its favor.  Where there is no misconduct, there is no basis for a defense attorney to complain.

Petitioner's claim regarding chain of custody of the blood sample is purely a question of state law.

**Ground Four:  Plain Error**

In his Fourth Ground for Relief, Moore alleges three instances of asserted ineffective assistance of trial counsel.  The Report and Supplemental Report recommend dismissing this

4

Ground because, as he admits, Moore never presented this to the state courts. In his instant Objections, he just asserts his procedural default should be excused, but he cites no authority for the Court to do that.

The Supreme Court and the Sixth Circuit have both held we do not have discretion to "excuse" a procedural default, absent proof of cause and prejudice or actual innocence:

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). Ground Four should be dismissed with prejudice as procedurally defaulted.

**Conclusion**

Having reviewed Petitioner Moore's most recent Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists

5

would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 14, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
