IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNIE LEE MOORE,

    Petitioner,

v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

    Respondent.

:
:
:
:
:

Case No. 3:22-cv-189

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING THE UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #22) AND SUPPLEMENTAL
REPORTS AND RECOMMENDATIONS (DOC. ##27, 32), OVERRULING ALL
OBJECTIONS OF PETITIONER THERETO (DOCS. ##25, 30 AND 35) AND
DENYING WRIT OF HABEAS CORPUS; JUDGMENT TO ENTER IN FAVOR OF
RESPONDENT AND AGAINST PETITIONER; PETITIONER DENIED A CERTIFICATE
OF APPEALABILITY AND RIGHT TO APPEAL IN FORMA PAUPERIS;
TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael R. Merz's Report and Recommendations, Supplemental Report and Recommendations, and Second Supplemental Report and Recommendations. Doc. ##22, 27, 32. This Court has reviewed said reports and recommendations, the applicable law, and the objections thereto, and has conducted a thorough *de novo* review as well of the petition for writ of habeas corpus, state court record and exhibits, return of writ, and related filings. Doc. ##4, 14, and 15.

For the reasons set forth below, the Court adopts all Reports and Recommendations and overrules any objections thereto, and, in doing so, denies the petition for a writ of habeas corpus.

I.   **Procedural Background**

On April 27, 2018, Moore was indicted by a grand jury for two counts of aggravated vehicular homicide (O.R.C. §§ 2903.06(A)(1)(a) & 2903.06(A)(2)(a)), Doc. #14, PageID ##154-55, and he pleaded not guilty to both counts. *Id.* at PageID #157. On May 7, 2018, Moore filed a motion to suppress "any and all physical evidence seized or taken from Defendant's blood, as well as other evidence derived by the officers during their encounter with the Defendant," as those seizures violated his Fourth and Fourteenth Amendment rights. *Id.*, PageID #159-62. This was further supported by three supplemental motions to suppress any of his blood taken as evidence, *id.* at PageID #164 (citing violations of state law and the Fourth Amendment that "depriv[ed him] of due process of law"), "any and all medical records[,]" *id.* at PageID # 173 (citing violations the Fourth Amendment and the Ohio Constitution that "depriv[ed him] of due process of law"), and "other evidence derived by the officers during their encounter with [him]". *Id.* at PageID #177 (arguing that the evidence was "obtained without a warrant or valid consent in violation of the [Fourth] and [Fourteenth] Amendments," and "in violation of . . . his rights [under] . . . the Fifth, Sixth, and Fourteenth Amendments"). Moore would go on to file three additional

2

supplemental memoranda on his motion to dismiss. *Id.* at Ex. ##8–10, PageID ##184–204.

The Court of Common Pleas held a suppression hearing over several days in 2018, *see* Doc. #14 at Ex. #14, PageID #228, following which Moore filed his final Memorandum in Support on December 19, 2018. *See id.* at Ex. #10, PageID #191. On January 4, 2019, the State filed its opposition to all Moore's motions and filings to suppress evidence. *Id.* at Ex. 11, PageID #205. Moore filed his reply on January 5, 2019, *id.* at Ex. #12, PageID #217, and the State filed its response on January 16, 2019. *Id.* at Ex. #13, PageID #223. Based on all the filings and the evidence provided at the suppression hearing, the Court of Common Pleas overruled Moore's motion. *Id.* at Ex. #14, PageID #228.

Following a jury trial, Moore was found guilty of both counts of aggravated vehicular homicide on November 19, 2019, *id.* at Ex. #18, PageID #256, and on December 12, 2019, Moore was sentenced to a mandatory term of imprisonment of eight years, a lifetime suspension of his driver's license, and three-year term of post-release control after prison. *Id.* at Ex. #19, PageID #259.

Moore then filed an appeal of his sentence to the Second District Court of Appeals, *id.* at Ex. #20, PageID #263, arguing a sole assignment of error: the trial court committed reversible error when it overruled appellant's motion to suppress. *Id.* at Ex. #21, PageID #268. The Court of Appeals ultimately affirmed the sentence of the trial court. *State v. Moore*, Second App. Dist. No. 28640, 2021 Ohio App. LEXIS 1129, 2021 Ohio 1114 (April 2, 2021). Moore then filed a notice

of appeal and delayed appeal to the Ohio Supreme Court. *See id.* at Ex. ##25–26, PageID ##389 & 393. While the Supreme Court granted Moore's motion to file a delayed appeal, *id.* at Ex. #27, PageID #421, it ultimately declined to accept jurisdiction of the appeal pursuant to S.C.Prac.R. 7.08(B)(4). *State v. Moore*, 166 Ohio St.3d 1509, 2022 Ohio 1687, 187 N.E.3d 558) (Table).

Concurrent with his direct appeal, on October 1, 2020, Moore filed *pro se* for post-conviction relief in the Court of Common Pleas. Doc. #14 at Ex. #31, PageID #448 (citing O.R.C. §§ 2953.21 & 2953.23). The State moved for summary judgment and dismissal, *id.* at Ex. #32, PageID #466, which the trial court granted on October 26, 2020, and overruled Moore's petition. *Id.* at Ex. #33, PageID #472. Moore's subsequently filed a *pro se* appeal of that order, *see id.* at Ex. 34, PageID #478, but the Ohio Court of Appeals ultimately affirmed the trial court's judgment on Junes 25, 2021. *State v. Moore*, Second App. Dist. No. 28969, 2021 Ohio App. LEXIS 2094, 2021 Ohio 2128 (June 25, 2021). While Moore appealed this decision to the Ohio Supreme Court, the Ohio Supreme Court would decline to accept jurisdiction. Doc. #14 at Ex. #44, PageID #577.

On July 25, 2022, Moore filed the instant *pro se* petition for a writ of habeas corpus. His stated grounds for relief are: 4th and 14th Amendment Violations due to (1) Inadvertent negligence and (2) Unlawful Search Warrant (Ground One); Newly Discovered Evidence regarding (1) Abuse of Discretion by trial court, (2) Ineffective Assistance of Counsel, and (3) Breaking of the Internal Chain of Custody (Ground Two); and Plain Error by his Appellate Defense Counsel

4

for failing to object to evidence during trial (Ground Three). Doc. #4 at PageID #90. The Magistrate Judge has filed a Report and Recommendations ("R&R"), Doc. #22, as well as two Supplemental R&Rs. Doc. ##27, 32. Moore has filed objections to all three R&Rs. Doc. ##25, 30, 35.

The petition is ripe for decision.

## II.  Factual Background

In summarizing the evidence submitted at trial and the facts underlying petitioner's two convictions, the Ohio Court of Appeals, Second Appellate District, Montgomery County, Ohio, presented the facts as follows:[1]

> At approximately 7:14 p.m. on November 14, 2017, Moore was driving at a speed of approximately 120 mph when he collided with the rear of another vehicle, causing the death of the driver. His vehicle then crossed the center of the roadway, hit a third vehicle head-on, and ended up in an embankment. Moore was seriously injured.
>
> Responding medics extricated Moore from his vehicle and placed him an ambulance. Prior to his transport to the hospital, Officer Sherri Robinson [("Robinson")] checked on Moore's condition and noticed a moderate odor of alcohol emanating from him. The officer also learned from Moore's wife that Moore had been driving home from a bar. Based on the collision, the odor of alcohol, and the fact that Moore had left a bar, Robinson suspected that Moore had been driving under the influence of alcohol. She followed the ambulance to the hospital to seek Moore's consent for a blood sample.
>
> Robinson was unable to speak with Moore upon arrival at the hospital, because Moore was taken for CAT scans and emergency treatment; hospital staff later informed Robinson that

---

[1] These binding factual findings "shall be presumed to be correct," unless rebutted "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moore has not provided any evidence to rebut the presumption of correctness.

5

Moore had been sedated after his CAT scans due to his being uncooperative. At 9:34 p.m., Robinson apprised her supervisor, Sergeant Joseph McCrary [("McCrary")], of the situation, and he told her that they needed to obtain a search warrant for a blood sample from Moore. McCrary drove to the police station to begin preparing a warrant. A search warrant ultimately was signed by a judge at 11:46 p.m. The warrant permitted the drawing of Moore's blood "any time day or night; as soon as possible (within 3 hours of operation of vehicle)."

McCrary drove to the hospital with the signed warrant. While on the way, he called Robinson and told her to inform medical staff that there was a search warrant to obtain Moore's blood sample. McCrary arrived at the hospital at 12:05 a.m. and gave the search warrant to Robinson, who presented it to a phlebotomist. The phlebotomist then used a standard "DUI kit" to obtain Moore's blood sample. It is undisputed that there was an approximate five-hour delay in taking Moore's blood sample. On November 21, 2017, Brian Simons, a forensic toxicologist with the Miami Valley Regional Crime Lab (MVRCL), performed an initial screen of Moore's blood sample. The screen was positive for ethanol at a concentration of .114, plus or minus .011 gram per cent. One week later, on November 28, 2017, Simons used another approved testing method to perform a confirmation analysis. The confirmation analysis was positive for ethanol at a concentration of .117, plus or minus .011 gram per cent. All of the data, including Simons's data, was reviewed and used by forensic toxicologist Kialee Bowles to author a report. Pursuant to MVRCL's policy, the lower concentration of .114, plus or minus .011 gram per cent, was reported. *State v. Moore*, Second App. Dist. No. 28969, 2021 Ohio App. LEXIS 2094, 2021 Ohio 2128 at ¶¶3-7 (June 25, 2021).

### III. Conclusion

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his June 22, 2023, Report and Recommendations, Doc. #22, his August 9, 2023, Supplemental Report and Recommendations, Doc. #27, and his September 14, 2023, Second Supplemental

6

Report and Recommendations, Doc. #32, as well as upon a thorough *de novo* review of the petition for writ of habeas corpus, state court record and exhibits, return of writ, related filings, and the applicable law, this Court ADOPTS said reports and recommendations in their entirety, and OVERRULES Petitioner's objections thereto. Docs. ##25, 30 & 35.

The Court herein dismisses the case for lack of a cognizable claim for habeas relief under 28 U.S.C. § 2254.

Judgement will enter in favor of the Defendant and against Petitioner.

Given that the Court's decision herein will not be debatable among reasonable jurists, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*. The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 19, 2024

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE