# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNIE LEE MOORE,

                    Petitioner,            :     Case No. 3:22-cv-189

   - vs -                          District Judge Walter H. Rice
                                      Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                 :

                Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

---

This habeas corpus case, brought *pro se* by Petitioner Johnnie Lee Moore, is before the Court on Petitioner's Motion Under Fed.R.Civ.P. 59(e) to Alter or Amend the Judgment (ECF No. 40). As a post-judgment motion, it is deemed referred to the assigned Magistrate Judge for a report and recommendations under 28 U.S.C. § 636(b)(3).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas*

1

> *Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Petitioner first argues for amendment on the ground that "[t]he Court's decision does not contain the specificity required to notify Mr. Moore why his petition was denied." (ECF No. 40, PageID 1339). He contends the Magistrate Judge relied on "multiple and often conflicting rationales for denying" relief, but the District Judge's decision "failed to provide its own independent analysis." *Id.*

An important reason for creating the Magistrate Judge system in 1968 was to provide subordinate judicial officers who could analyze the contentions of parties and recommend a disposition to the assigned District Judge. Parties get the benefit of judicial analysis for their cases but the protection of an ultimate decisions by an Article III judge appointed by the President and with life tenure. Every decision of a Magistrate Judge is appealable to a District Judge, but the law does not require that the reviewing judge spell out an "independent" analysis. Here Judge Rice has both adopted the Magistrate Judge's Reports and Recommendations and overruled Petitioner's objections. Judge Rice avers that he has applied the correct standard of review – de novo - and found no error of law in the Reports and Recommendations. With their adoption, they

have become the law of the case.  There is no "clear error of law" in failing to write an "independent" analysis.

Petitioner relies on *Evans v Bexley*, 750 F2d 1498, 1500 (11th Cir. 1985), but that case is inapposite.  The Eleventh Circuit reversed and remanded on the question of attorney fees which the District Court had left undecided.  In this case there are no undecided issues.

Petitioner also contends the judgment should be amended by granting him a certificate of appealability.  He contends that Judge Rice's two recommittals in the case show that Petitioner meets the "low standard" for a certificate of appealability, citing *Frost v. Gilbert,* 835 F.3d 883 (9th Cir. 2016).

In the first place, the two recommittals do not show reasonable jurists would disagree with the result in the case.  Instead they show, as Judge Rice found, that Petitioner's Objections merited "further analysis." (ECF No. 31, PageID 1306).

Secondly, *Frost* is a Ninth Circuit decision which is not binding here.  Our own Sixth Circuit has written in a published binding decision:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.
>
> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and

schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020).

Petitioner has not shown he is entitled to a certificate of appealability under the Sixth Circuit standard.  It was, therefore, not a clear error of law to deny him one.

**Conclusion**

Petitioner has not shown that the judgment in this case is infected with a clear error of law.

His Motion to Alter or Amended the Judgment should therefore be denied.

February 8, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge