IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNIE LEE MOORE,                              :

       Petitioner,

    v.                                    :        Case No. 3:22-cv-189

WARDEN, MADISON                                          JUDGE WALTER H. RICE
CORRECTIONAL INSTITUTION,

       Respondent.                        :

---

DECISION AND ENTRY ADOPTING THE UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #41), OVERRULING
PETITIONER'S MOTION TO ALTER/AMEND JUDGMENT (DOC. #40) AND
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. #44)

---

This matter is before the Court on Magistrate Judge Michael R. Merz's

Report and Recommendations. Doc. #41. This Court has reviewed said report and

recommendations, Petitioner's Motion to Alter or Amend Judgment, the applicable

law, and the objections thereto. Doc. ##40 and 44.

For the reasons set forth below, the Court adopts the Report and

Recommendations and overrules any objections thereto, and, in doing so,

OVERRULES the motion to alter or amend the Court's denial of writ. Doc. #40.

I.     **Procedural Background**

On July 25, 2022, Moore filed the a *pro se* petition for a writ of habeas

corpus in the United States District Court for the Southern District of Ohio. Doc.

#4. In keeping with Amended General Order No. DAY 21-01, the matter was

referred to recalled Magistrate Judge Merz, Doc. #21, who has submitted his Report and Recommendations ("R&R"), Doc. #22, on June 22, 2023. Moore filed objections to the R&R, Doc. #25, so the Court recommitted the matter back to the Magistrate Judge, Doc. #26, which resulted in a Supplemental R&R. Doc. #27. Moore again filed objections, Doc. #30, so the Court again recommitted the order back to the Magistrate Judge, Doc. #31, which resulted in a Second Supplemental R&R. Doc. #32. In response, Moore subsequently filed a final round of objections. Doc. #35.

On January 19, 2024, the Court adopted all three of Magistrate Judge Merz's R&Rs, overruled all of Moore's objections, ultimately denying Moore's habeas petition and terminating the case on the docket. Doc. #36. After serving the Court with notice of his appeal to the Sixth Circuit, Doc. #38, Moore filed a motion to Alter or Amend Judgment, Doc. #40, seeking both greater specificity behind the Court's denial of writ and a certificate of appealability. *Id.* at PageID #1339. Magistrate Judge Merz submitted a responsive R&R, Doc. #41, to which Moore filed his objections. Doc. #44.

The petition is ripe for decision.

## II.    Discussion

The Court's previous order noted that the decision involved a "review[ of the] reports and recommendations, the applicable law, and the objections thereto," as well as "a thorough *de novo* review . . . of the petition for writ of habeas corpus, state court record and exhibits, return of writ, and related filings." Doc.

#36, PageID #1323. That order adopted "the reasoning and citations of authority set forth by" Magistrate Judge Merz in all three of his R&Rs. *Id.* at PageID #1328. Moore contends that said order "does not contain the specificity required to notify [him] why his petition was denied." Doc. #40, PageID #1339. However, as Magistrate Judge Merz outlined in his most recent R&R, Doc. #41, upon *de novo* review and adoption by this Court, the R&Rs "bec[a]me the law of the case." *Id.* at PageID #1344. In short, that meant all of the Magistrate Judge's analysis and discussion regarding Moore's petition and subsequent objections became the analysis of this Court. As that analysis sufficiently addressed the legal merits of all Moore's contentions, no further specific assessment was required by this Court.

Separately, the Court's "multiple recommittal orders," *see* Doc. #40 at PageID #1339, are not a justified basis for granting Moore a certificate of appealability. Contrary to Moore's assertions, the Court's decision to recommit the matter is not an "unusual step show[ing] that Mr. Moore's petition . . . deserv[es] a Certificate of Appealability," *id.* at PageID #1340, but is instead a commonplace exercise of the Court's discretion to ensure each of the Petitioner's contentions and objections receives diligent review prior to final disposition. Having provided Moore with three opportunities to address the legal sufficiency of the Magistrate Judge's analysis, the Court determined from all relevant filings and caselaw that a denial of Moore's *habeas* petition would "not be debatable among reasonable jurists," and thus denied him a certificate of appealability. No contrary evidence or argumentation has been provided to change the Court's finding.

3

## III.    Conclusion

Based on the reasoning above, the reasoning and citations of authority set forth by United States Magistrate Judge Michael R. Merz, in his February 8, 2024, Report and Recommendations, Doc. #41, and upon a thorough *de novo* review of the Motion to Alter or Amend Judgment, Doc. #40, Petitioner's Objections to the Report and Recommendations, Doc. #44, related filings, and the applicable law, this Court ADOPTS said report and recommendations in its entirety, OVERRULES Petitioner's objections thereto, Doc. #44, and subsequently OVERRULES Petitioner's Motion to Alter or Amend Judgment, Doc. #40.

Date: February 28, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE